### FRENCH v. PIPER.

Evidence of the net proceeds of a lot of leather sold in Boston would be competent upon the question of the value of the same leather at the place of manufacture, however distant, when it is shown that the leather was manufactured at such place for the purpose of being sold in Boston, and that this was the regular course of business among manufacturers of that article at such place.

TROVER, to recover the value of a quantity of leather made from hides sent to W. & R. Leviston, of Bradford, N. H., August 24 and 26, 1859, and which hides, the plaintiff claimed, were sent on lien account, the title to remain in him until manufactured into leather, and returned to him in Boston, to be sold on commission, and the hides paid for out of the avails.

The defendant, who had purchased the leather of W. & R. Leviston, contended that the hides were not so sent, but were sold absolutely to W. & R. Leviston, as before December, 1858.

French was examined as a witness, and upon cross-examination he testified as to the condition of their affairs when he was at Bradford, in December, 1858, and what property they had in their hands, as bearing upon their pecuniary condition; the defendant contending that they were not embarrassed. Among other things, he said they might have had on hand two or three or more thousand dollars worth of leather, made of hides they had of him; and after a short recess, he was permitted to state, against the defendant's exception, after examining his books, that the leather in the tannery at this time was of the value of $1,613.42, the net proceeds in Boston; the exception was that this was but a statement of the net proceeds in Boston, but it was received as explanatory of the former statement, as there was evidence tending to show that the leather was sent to the plaintiff, and sold by him on commission.

Various other questions were stated in the case, none of which are important here to be noticed. Verdict for the plaintiff. Motion to set the same aside, and questions of law reserved.

_George, Foster & Sanborn_, for the plaintiff.

_Marshall_, and _G. W. Morrison_, for the defendant.

SARGENT, J. The witness had examined his books, refreshed his recollection, and was then able to state the actual value of the leather in question at the time specified. This was competent as tending to correct and explain the statement he had before made in answer to the defendant's inquiry, and the objection is not that this statement did not relate to the same property before spoken of, or refer to the same time, but that it was concerning the net proceeds in Boston instead of its value at Bradford, where it then was.

In many cases an exception of this kind would be well taken. What a horse sold for in Boston, at a given time, might not be competent evidence of the value of a similar horse at the same time in Bradford, N. H. So of the price of board by the day or the week. Nor would the price paid for rent of a house, by the month or year, in Boston, be competent evidence of the value of the rent of a similar house in Bradford, N. H., at the same time. But in this case it seems that the course of business was for the hides to be furnished in Boston, under some arrangement. They were tanned at Bradford, and the leather returned to Boston and sold. This is, perhaps, the more common course in this kind of business. It does not appear that there was any market for the leather in Bradford, but the market, and the only market, was probably at Boston, and the value at Bradford depended entirely upon its value in Boston, as it was manufactured with a view to be sold in Boston, and no where else. There was evidence before the court tending to show that this was the course of business and trade between these parties, and in relation to this particular kind of property, and we think the evidence was properly admitted upon the question of value at Bradford.

_Judgment on the verdict._